Costs taxed and decree signed.

<hr>

(86 Misc. Rep. 372)

## In re DUNLAP'S WILL.

(Surrogate's Court, New York County. June 26, 1914.)

WILLS (§ 13*)—DEVISE TO CHARITABLE CORPORATION—DECEDENT ESTATE LAW.
  Decedent Estate Law (Consol. Laws, c. 13) § 17 (formerly Laws 1860, c. 360), prohibiting devises or bequests to charitable corporations of more than one-half an estate, did not apply where testatrix, an unmarried female, bequeathed and devised all her estate in trust for her sister during life, with power to trustee to consume the corpus, etc., and remainder over to charitable corporations; the beneficial interest of the cestui que trust covering the entire estate, and it being likely that all, or at least more than half, would be consumed by the cestui que trust.

  [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 32–34, 38, 39; Dec. Dig. § 13.*]

Proceeding for the probate of the will of Edith C. Dunlap. Will construed.

Olin, Clark & Phelps, of New York City (Robert J. Holmes, of New York City, of counsel), for proponent.

Henry Staton, of New York City, for New York Polyclinic Medical School and Hospital.

George W. Elkins, of New York City, for West End Presbyterian Church.

John J. Hynes, of New York City, special guardian.

FOWLER, S. The script propounded as and for the last will of Edith C. Dunlap, deceased, has been duly proved according to the statute of wills and is entitled to our decree of probate in the regular course of business.

A question of construction on the probate is put at issue. By the will the testatrix, an unmarried female, bequeaths and devises all her estate, real and personal, to her executor on trusts in substance to pay or apply the net income thereof to her sister, Ethel E. Dunlap, an incompetent, during the life of cestui que trust, with power to such trustee to consume the corpus by application of the principal of the entire estate to the cestui que trust, but at the rate of $250 per annum, in addition to the income payable to such beneficiary, remainder over to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

three charitable or benevolent corporations. The special guardian for the incompetent contends that the will contravenes section 17 of the Decedent Estate Law (formerly chapter 360, Laws of 1860), as it carries more than one-half of the estate after payment of debts to such corporations. The estate is small. The guardian's contention does not seem to me to be well founded in any event, as it is possible that the remainders over may be defeated by the execution of the power and the total consumption of the estate for the benefit of the sister of the testatrix. In that event the remaindermen will take nothing.

I have very often had occasion to consider anomalous limitations of this kind, permissible only since our Revised Statutes. While such remainders are in appearance contingent, I have generally regarded them as vested remainders, subject to be defeated by the execution of the power. Of course, such remainders, or even such executory interests, were never contemplated or permissible at common law, and neither Mr. Fearne nor Mr. Smith in their respective works on contingent remainders and executory interests could have had them for a moment in contemplation. I shall not stop to elaborate my reasons, as I am for the moment much pressed by other business in this court. I am satisfied that, as the beneficial interests of the cestui que trust cover the entire corpus or estate of testatrix, the statute invoked has no application to the will before me.

But another point is argued, and that is that the testatrix, having no husband, wife, child, or parent, was not prohibited by the statute from devising or bequeathing all her estate to charity. In other words, proponent contends that testatrix is not within the statute. While it is undoubtedly true, as argued by the special guardian, that any one interested in the estate may invoke the statute, although not mentioned therein, yet that is quite another thing from extending the operation of the statute to a case not covered by it. I am fairly familiar with the many adjudications cited by the contending parties, and I shall not stop to review them in detail. I have no doubt on the law of this case.

The decree will be settled so as to adjudge the bequest and devises to be valid. Settle decree accordingly.